UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**WP COMPANY LLC,**
Defendant.

Civil Action No. _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

(17 U.S.C. §§ 106, 501)

Plaintiff Justin Goldman ("Plaintiff"), proceeding pro se, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., arising from Defendant WP Company LLC's unauthorized public display of Plaintiff's copyrighted photograph depicting Tom Brady (the "Photograph").
2. Defendant infringed Plaintiff's exclusive rights by embedding and publishing a third-party tweet that at the time of publication rendered and displayed the Photograph inline to the public, without license, authorization, or permission.
3. Defendant cannot evade liability by pointing to the fact that the embedded tweet does not render the Photograph today. The infringement was complete at the moment of public display. Subsequent deletion, alteration, or non-rendering of the source tweet does not cure, negate, or extinguish liability.
4. This action concerns the same photograph and the same theory of liability on which Plaintiff prevailed on summary judgment in *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018). Defendant's conduct here is materially indistinguishable.

**PARTIES**

5. Plaintiff Justin Goldman is an individual residing in the United States and is the sole author and exclusive owner of the Photograph.
6. Defendant WP Company LLC is the owner and publisher of *The Washington Post*, conducts substantial business in New York and throughout the United States, and may be served through its registered agent or authorized counsel.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).
8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant transacts business in this District, disseminated the infringing display to users located in this District, and caused injury to Plaintiff in this District.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Copyright Ownership

9. Plaintiff is the sole and exclusive owner of the Photograph depicting Tom Brady in the Hamptons with members of the Boston Celtics.
10. The Photograph is registered with the United States Copyright Office under Registration No. VAU001250526 (effective August 1, 2016).
11. Plaintiff has at all relevant times owned all right, title, and interest in and to the Photograph.

### B. Defendant's Unauthorized Embedded Display

12. On or about July 2, 2016, Defendant's employee and sports reporter **Tim Bontemps**, acting within the scope of his employment and with actual and apparent authority, published a tweet that embedded a third-party tweet containing the Photograph.
13. At the time Defendant's tweet was published, the embedded tweet rendered and publicly displayed the Photograph inline to viewers on Twitter/X, including users located in this District.
14. The Photograph was visible to the public contemporaneously with Defendant's publication and was distributed as part of Defendant's professional sports reporting to its audience.
15. Defendant did not license, authorize, or otherwise obtain permission from Plaintiff to display the Photograph in any manner.
16. The fact that the embedded tweet **no longer renders the Photograph today**—due to subsequent deletion or alteration of the source tweet—does not alter that Defendant publicly displayed the Photograph at the time of publication.

17. Under the Copyright Act, liability attaches upon unauthorized public display. Subsequent removal, deletion, or non-rendering does not absolve an infringer of liability for a completed violation of Plaintiff's exclusive rights.

### C. Concealment and Discovery Rule

18. Defendant's infringement was not reasonably discoverable at the time it occurred.
19. The subsequent deletion or alteration of the source tweet obscured the prior unauthorized display and concealed Defendant's infringement from public view.
20. Plaintiff discovered Defendant's infringement only recently during a retrospective audit of historical social-media embeds, archived references, and third-party citations involving the Photograph.
21. Plaintiff brings this action within three years of discovery of the infringement. The claim is timely under the discovery rule.

### D. Agency, Vicarious, and Respondeat Superior Liability

22. At all relevant times, Defendant's employee acted within the scope of his employment and in furtherance of Defendant's business when publishing the infringing embedded display.
23. Defendant had the right and ability to supervise and control the infringing conduct and derived direct commercial and reputational benefit from the unauthorized display.
24. Defendant is liable for its employee's infringing acts under principles of agency, respondeat superior, and vicarious liability.

### E. Binding Precedent and Knowledge

25. In *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018), this Court held on summary judgment that embedding a tweet which renders and displays a copyrighted photograph constitutes an unauthorized public display under 17 U.S.C. § 106, even where the publisher does not host the image file.
26. That decision arose from **this exact Photograph**.
27. Defendant knew or should have known that embedding and displaying the Photograph without authorization violated Plaintiff's rights and controlling precedent in this District.

## CLAIM FOR RELIEF

**Copyright Infringement (17 U.S.C. §§ 106 and 501)**

28. Plaintiff incorporates paragraphs 1–27 as if fully set forth herein.
29. Defendant infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by publicly displaying the Photograph without authorization.
30. Defendant's infringement was willful, or at minimum committed with reckless disregard for Plaintiff's rights and well-established law.
31. Plaintiff has been damaged by Defendant's infringement and is entitled to all remedies available under the Copyright Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

A. Statutory damages under 17 U.S.C. § 504(c), or in the alternative actual damages and Defendant's profits;

B. Costs and reasonable attorneys' fees under 17 U.S.C. § 505 (to the extent applicable);

C. Pre- and post-judgment interest; and

D. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Justin Goldman**
Plaintiff, Pro Se